**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
KENNETH CARNESI,

                            PETITIONER,

         -against-                          **MEMORANDUM OF
DECISION AND ORDER**
06-CV-5917 (ADS)

UNITED STATES OF AMERICA,

                            RESPONDENT.
---------------------------------------------------------------X

**APPEARANCES:**

**Kenneth Carnesi**
Pro Se Petitioner
FCI-Fort Dix, Unit 5711
P.O.Box 2000
Ft. Dix, NJ 08640

**BENTON J. CAMPBELL, UNITED STATE ATTORNEY EASTERN
DISTRICT OF NEW YORK**
Attorneys for the Respondent
610 Federal Plaza
Central Islip, N.Y. 11722
      By: Burton T. Ryan, Jr., Assistant United States Attorney


**SPATT, District Judge**.

       Kenneth Carnesi ("Carnesi") bring this petition for habeas corpus pursuant to 28 U.S.C. § 2255 challenging an order of restitution imposed by this Court on October 14, 2005. The Petitioner also claims that he is entitled to habeas relief because his counsel was ineffective in failing to object to the Court's restitution order. However,

because the Second Circuit has squarely held that a petitioner may not use §2255 to challenge orders of restitution, Carnesi's petition is denied.

## I. BACKGROUND

On April 21, 2004, Carnesi was sentenced to a term of seventy months imprisonment and ordered to pay restitution after pleading guilty to conspiracy to launder the proceeds of various fraudulent schemes. Restitution was ordered in the amount of $5,442,000 on a schedule that required him to pay 10% of his gross monthly income to his victims. Carnesi never filed a direct appeal of his conviction or sentence.

On November 1, 2006, Carnesi filed the instant petition, claiming that the order of restitution must be vacated because: (1) the Court failed to give adequate consideration to the statutory factors set forth in the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664(a); (2) no hearing was conducted on the issue of restitution; and (3) the victims of his various schemes were not identified within 90 days of his sentencing, as required by the MVRA, 18 U.S.C. § 3664(d)(5). Carnesi also claims that his counsel was ineffective in failing to object to the Court's restitution order at his sentencing.

## II. DISCUSSION

**A. Carnesi's Petition**

28 U.S.C. § 2255 provides a post-conviction remedy for federal prisoners similar to the writ of habeas corpus available to state prisoners under 28 U.S.C. § 2254. § 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. By its very terms, the statute only permits courts to exercise subject matter jurisdiction over a petition where a prisoner is in custody and has asserted his right to be released. It is unsurprising, then, that the Second Circuit has held that a challenge to a restitution order is not cognizable on a § 2255 motion to vacate. See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003) (quoting Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998) ("[Section] 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[ ] the right to be released' from custody."). In other words, because an attack on a restitution order would not amount to a request for a release from custody, the court lacks subject matter jurisdiction to hear such a claim under § 2255.

3

Kaminski does leave open the possibility that a § 2255 motion might be appropriate where a petitioner alleges that a restitution order is so burdensome that it amounts to a restraint on his liberty. Id. at 87. However, Carnesi's petition, as with the petition in Kaminski, does not amount to such an onerous restraint. In Kaminski, the restitution order the court found to be non-custodial was limited to monthly payments of the greater of 10% of petitioner's monthly income or $100. Id. The restitution order in this case similarly seeks restitution payments in monthly installments of 10% of Carnesi's gross income. Thus, Carnesi may not use § 2255 to challenge his order of restitution.

The Second Circuit also determined in Kaminski that a district court faced with a petition alleging ineffective assistance of counsel for failure to object to a restitution order was without subject matter jurisdiction to determine whether, in fact counsel was ineffective. Id. at 85 n.1. Accordingly, consistent with Kaminski, the Court declines to address Carnesi's ineffective assistance of counsel claim.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Carnesi's petition for habeas corpus pursuant to 28 U.S.C. § 2255 is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

4

**SO ORDERED.**

Dated: Central Islip, New York
　　　　November 17, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Arthur D. Spatt_
　　　　　　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge